IN THE

# SUPREME COURT OF JUDICATURE

OF THE

## STATE OF INDIANA,

AT INDIANAPOLIS, NOVEMBER TERM, 1870, IN THE FIFTY-FIFTH
YEAR OF THE STATE.

---

TURNER and Others *v.* THE THORNTOWN AND MECHANICSBURG
GRAVEL ROAD COMPANY and Another.

TURNPIKE.—*Act of* 1867.—*Construction of.*—The act of March 11th, 1867
(Acts of 1867, p. 167), authorizing plank, macadamized, and gravel road
companies to procure assessessments on lands to aid in the construction of
their roads, conferred the rights and powers specified in it upon corpora-
tions organized after as well as those organized before that act took effect.
SAME.—*Location of Road.— What Lands to be Viewed, Listed, and Assessed.—*
*Injunction.*—It was necessary under said act cf 1867, before the assessors
appointed thereunder could proceed to perform their duties therein pre-
scribed, that the road should be located, by selecting and defining the line
on which it was to be constructed; and said assessors were required to
view *all* the lands within one mile and a half on either side of said road
and within the same distance of either terminus thereof, including those
within the corporate limits of towns, and to make and report to the county
auditor a list thereof, with the assessment of benefit upon those benefitted.
A failure to comply with these requirements rendered the assessment void,
and an injunction will lie to prevent its collection.

APPEAL from the Boone Circuit Court.

GREGORY, J.—The appellants filed their complaint in the
court below against the gravel road company and the coun-

ty treasurer, to enjoin the collection of an assessment made on the lands of the plaintiffs, under the act of March 11th, 1867, to aid in the constrtuction of the road.

The court sustained a demurrer to the complaint and rendered final judgment against the plaintiffs, from which they appeal.

The company was organized and became a corporation, on the 23d of April, 1867, after the act of March 11th, 1867, took effect. It is urged in argument by appellants' counsel, that the latter act does not confer the rights and powers specified in it upon corporations organized after it took effect.

This point was fully considered in *The Rykers Ridge Turnpike Co.* v. *Scott,* 32 Ind. 37, in which it was held, that these rights and powers were conferred on companies organized after as well as those organized before the passage of the act.

The second, seventh, and eighth objections to the legality of the assessment can be considered together. The second objection is, that at the time of the application to the county board, and at the time of the assessment, the route was not defined with sufficient certainty to enable the assessors to make a complete list of all the lands within the legal bounds.

The seventh objection is, that the company did not, prior to the assessment, make a survey of the line of the proposed road, so that the assessors would know where the line was.

The eighth is, that no survey of the line was exhibited to the county board, so as to define the line and termini, except the description stated in the petition to the board.

The description of the road in the petition to the county board is, "upon the route, *or as near thereto as is most practicable,* being the traveled line of the Thorntown and Mechanicsburg road, from the point where said road intersects the east line of the town of Thorntown, Boone county, Indiana, to where it will meet the Danville and Frankfort state road,

on or near the section line between sections twenty-four and twenty-five, township twenty, north of range one west."

The termini of the road are fixed with reasonable certainty; but between those points there is nothing to indicate the route, the line from which the one and one-half miles are to be measured.

The route is not fixed upon the traveled line of the Thorntown and Mechanicsburg road, but "upon the route, *or as near thereto as is most practicable.*"

Here is a line seven miles long, with nothing to indicate where it is to run, it being a matter entirely within the discretion of the company to fix it afterward, according to its notions of practicability.

The statute confers a well defined duty upon the assessors; it is, to assess the benefits upon the lands, within one and one-half miles of the road; no more, and no less.

This uncertainty renders it impossible for them to perform the duties imposed upon them. They must assess the benefits upon all the lands within the limits.

The first section of the act authorizes the petition to "the board of commissioners of the county or counties through which such proposed road is or may be located;" the second section requires, that the assessors "shall proceed to view all the lands within one and one-half miles of such road, on either side thereof as located." Acts of 1867, p. 167–8, secs. 1, 2.

Whilst it is not necessary that the road should be located before the petition, yet it is necessary before the assessors can proceed to the intelligent discharge of their prescribed duties. Such, to our minds, is the plain reading of the statute. The meaning of the word "located" in this statute is the selecting and defining the line upon which the road is to be constructed.

The fourth, fifth, sixth, and twelfth objections to the assessment can properly be considered together. The fourth objection is, that the assessors did not make any list of the lands within the corporate limits of the town of Thorn-

town, although the whole of said corporate limits were within one and a half miles of the terminus of said road.

The fifth objection is, that the assessors did not assess the benefit that would result from the construction of the road to each of the tracts within the limits prescribed by law; but assessed said benefits as to only a portion of the land within the statutory limits.

The sixth is, that the assessment is partial and unequal, and made so as to exempt lands that would be benefited by the construction of said road, while other lands were assessed far above the actual benefit received.

The twelfth is, that the assessors, did not, prior to making the assessment, or at any other time, view all the lands within the bounds prescribed by the order and notice.

These objections raise, first, the question whether the lands within the corporate limits of the town of Thorntown should be included within the list and viewed and the benefits assessed; and, second, whether all the lands within the prescribed limits must not be viewed and the benefit thereto assessed, to constitute a valid assessment.

The title of the act is, "An act authorizing the assessment of all the lands within one and one-half miles on either side, or within one and one-half miles of the terminus of any plank, macadamized or gravel road," &c.

The first section authorizes the company to apply to the county board to appoint assessors "to assess the amount of benefit to each tract of land within one and one-half miles of such road, on either side thereof, or within the like distance of the terminus thereof."

The second directs that the assessors "shall proceed to view all the lands within one and one-half miles of such road, on either side thereof as located, or within one and one-half miles of the terminus thereof."

The assessment is to be upon lands within a given distance of the "terminus" of the road. The word is used in the singular number, but the rule of construction is stated to be, that "words importing the singular number only, may

be applied to the plural of persons and things." 2 G. & H. 336, sec. 798.

It is clear to our minds, that there is no exemption contemplated; but that all the lands, including those within towns and cities, within the prescribed limits, must be viewed, and a list thereof made, with the assessment of benefit upon those benefited. The report to the county auditor must embrace this list, whether the lands therein described are all benefited or not.

But it is claimed in argument, that all these objections are mere irregularities that do not affect the validity of the assessment, and can only be enquired into on appeal from the assessment.

We do not think so. These objections go to the very foundation of the assessment. Indeed, if the allegations of the complaint are true, and they are admitted by the demurrer, there is no valid assessment against the plaintiffs. A court of equity will enjoin the collection of a *void* tax.

Judgment reversed, with costs; cause remanded, with directions to overrule the demurrer to the complaint, and for further proceedings.

*T. A. Hendricks, O. B. Hord, A. W. Hendricks, O. S. Hamilton,* and *C. C. Galvin,* for appellants.

*A. J. Boone, R. W. Harrison,* and *J. M. Butler,* for appellees.