ROBBINS and Others *v.* THE SAND CREEK TURNPIKE COMPANY and Others.

INJUNCTION.— *Turnpike.— Act of* 1867.— *Assessment.*— Where assessors appointed under the act of March 11th, 1867, providing for assessments on lands to aid in the construction of roads, omitted in the list returned by them any land within one mile and a half from the proposed road, their entire assessment is void, and an injunction will lie to prevent its collection.

SAME.— *Parties.*— *Plaintiffs.*—The owners in severalty of separate tracts of land which have been separately assessed to aid in the construction of a road, under said act of 1867, who have no joint interest in said lands, may join as plaintiffs in a suit to enjoin the collection of such assessment because of an illegality thereof which renders it alike void as to all said owners.

APPEAL from the Decatur Circuit Court.

WORDEN, J.—This was an action by the appellants against the appellees to restrain the collection of certain assessments made under the act of March 11th, 1867, for plank, &c., road purposes. Demurrer to the complaint sustained, and judgment for defendants; plaintiffs excepted.

There are two questions raised by this record, first, did the complaint state good ground for the injunction? second, could the plaintiffs join in the action?

The complaint sets out the proceedings at length, showing the organization of the company, the appointment of assessors by the board of commissioners, the return of the assessment, the levying of the tax, and that it is about to be collected and will be collected unless the defendants are enjoined. It is alleged, amongst other things, as a reason why the tax should not be collected, that over one thousand acres of land lying within the limits of one mile and a half from the road were omitted entirely in the list returned by the assessors. This, it has been held several times by this court, vitiates the entire assessment, and renders it void. *Turner* v. *Thorntown, &c., Gravel road Co.*, 33 Ind. 317, and *New Haven and Fort Wayne Turnpike Co.* v. *Bird, id.* 325. We think the complaint stated sufficient ground for the relief prayed.

Could the plaintiffs join in the action? They were severally the owners of separate tracts of land, on which separate assessments were made, and had no joint interest in the lands; but they were alike affected by the assessment. The illegality of the assessment rendered it alike void as to all of them. It is not a case where the assessment as to one is void for one reason, and as to another for another and different reason, or where different objections are made to the

Robbins and Others *v*. The Sand Creek Turnpike Co. and Others.

different assessments. In a case like this we are of opinion that parties may join in a complaint for an injunction.

A late writer on parties says, "Several persons having a common interest arising out of the same transaction or subject of litigation, though their interests be separate, may join in one suit for equitable relief, provided their interests be not adverse or conflicting. Thus, two or more persons having separate and distinct tenements, which are injured or rendered uninhabitable by a common nuisance, or which are rendered less valuable by a private nuisance, which is a common injury to the tenements of both, may join in a suit to restrain such nuisance. So where the waters of a stream are diverted, to the common injury of the mills below, the owners of the mills, though their titles are several, may properly unite in a bill for an injunction. And several judgment creditors, holding different judgments, may unite in filing a creditors' bill to reach the equitable interests and choses in action of the debtor, or to obtain the aid of the court to enforce their liens at law." Barbour on Parties, 348. See, also, *Kipper* v. *Glancey*, 2 Blackf. 356. In *Powell* v. *Spaulding*, 3 Iowa, 443, 461–2; the doctrine is laid down to be, that where there is unity in interest, as to the object to be attained by the bill, the parties seeking redress in chancery may join in the same complaint and maintain their action together.

We think the court below erred in sustaining the demurrer to the complaint.

The judgment is reversed, with costs, and the cause remanded for further proceedings.

*B. W. Wilson, E. R. Monfort, J. S. Scobey, C. Ewing,* and *J. D. Miller,* for appellants.

*W. Cumback, S. A. Bonner, J. Gavin,* and *J. D. Miller,* for appellees.