*T. Gazlay, G. B. Fitch,* and *J. Schwartz,* for appellant.

———————•———————

THE GREENCASTLE AND BOWLING GREEN TURNPIKE COM-
PANY and Others *v.* ALBIN and Others.

TURNPIKE.—*Act of* 1867.—*Duties of Assessors.*—*Injunction.*—Where assessors appointed under the act of March 11th, 1867 (Acts 1867, p. 167), providing for assessments on lands to aid in the construction of plank, &c., roads, did not list, assess, or appraise the benefits to *all* the lands within one mile and a half of the beginning and end of the proposed road as located;

*Held,* that an injunction would lie to prevent the collection of assessments made by such assessors.

APPEAL from the Putnam Circuit Court.

PETTIT, C. J.—This suit was brought by the appellees, owners of lands, within one and a half miles of the road of the said company, against the company, and the auditor and treasurer of said county, praying an injunction against said company, auditor, and treasurer, from proceeding to collect the taxes, assessments, or benefits, assessed against the ap-

pellees in favor of said company for the construction of said road.

There are many blunders in the record, and the clerk attempts to make it elegant and attractive by writing "and" up and down, instead of horizontally.

There is but one error assigned that we can notice, though there are seventeen in number (which will help the clerk of this court in costs), and that is the overruling the demurrer to the complaint. There was no error in this ruling, for the complaint was a good one in all respects.

There is but one paragraph in it, though the record shows that there was a demurrer to the first, second, third, fourth, and fifth paragraphs of it.

The transcript shows that a motion was made to make the bill of particulars more definite, yet there is *no* bill of particulars in the record, nor was this a case in which a bill of particulars was, or could be, required. The record is full of blunders and senseless jargon; instances are given above; but we find in it an agreed state of facts, in which it is admitted that the assessors or appraisers of benefits did not list, assess, or appraise the benefits to all the lands within a mile and a half of the beginning and end of the road as located.

This failure is fatal, as the court below properly held, whose ruling is approved and affirmed here, at the costs of the appellants. See, *Robbins* v. *Sand Creek Turnpike Co.*, at this term, *ante*, p. 461, and the authorities there cited.

*R. Hathaway* and *W. A. Brown*, for appellants.

*S. Claypool, J. A. Matson*, and *C. C. Matson*, for appellees.