The Greensburgh, Milford, and Hope Turnpike Company *v.* Sidener *et al.*

————————o————————

## THE GREENSBURGH, MILFORD, AND HOPE TURNPIKE CO. *v.* SIDENER ET AL.

BILL OF EXCEPTIONS.—*Motion to Strike Out.*—A motion to strike out part of a pleading can only be made a part of the record by being embodied in a bill of exceptions.

SAME.—If a bill of exceptions shows that such motion was filed, and points out a place for its insertion by the words " (here insert)," this will authorize the clerk to insert the motion in the bill.

SAME.—Such motion cannot be made a part of the record by the clerk's filling the blank in the bill of exceptions with a reference to a page of the transcript where it may be found. The motion must be copied into the bill of exceptions signed by the judge, and certified by the clerk to be a full, true, and complete copy of the original on file in his office.

SAME.—The bill of exceptions must show what ruling was made upon the motion, and whether exception was taken to the ruling. Recitals of the clerk upon these points cannot be regarded.

DEMURRER.—*Defect of Parties.*—A demurrer to a complaint on the ground that it does not state facts sufficient to constitute a cause of action does not raise any question as to the parties to the action.

MOTION TO SEPARATE CAUSES OF ACTION.—*Defect of Parties.*—A motion to require causes of action to be separated, where there are several parties, each having a right of action, does not present any question of the misjoinder of parties plaintiffs.

JOINDER OF PARTIES.—*Injunction.*—*Turnpike Assessment.*—Separate owners of lands, which have been separately assessed for the construction of a turnpike, may unite in an action to enjoin the collection of illegal assessments.

TURNPIKE ASSESSMENTS.—*Injunction.*—*Omission to Assess Lands.*—If assessors appointed under the act providing for the assessment of lands to aid in the

construction of turnpikes omit, in the list returned by them, any land within one mile and a half from the proposed road, the entire assessment will be void, and an injunction will lie to prevent the collection of such assessment.

SAME.—*Estoppel.*—Parties whose lands have been assessed to aid in the construction of a turnpike are not estopped from disputing the validity of such assessment, on account of the fact that lands liable to be assessed have been omitted from the assessment, by reason of having acted as officers or members of the turnpike company in procuring the assessment to be made, letting contracts for the construction of the road, and incurring indebtedness on the part of the company, having stood by and seen the road constructed, etc.; unless at the time they so acted, they knew that lands liable to be assessed had been omitted, and the party relying on the estoppel was ignorant of such omission.

APPEAL from the Bartholomew Common Pleas.

BUSKIRK, J.—This was an action by the appellees against the appellant, to enjoin the collection of certain assessments of benefits made in favor of the appellant and against them for the construction of a turnpike road.

The appellant moved to strike out certain portions of the complaint, but the motion was overruled and excepted to.

The appellant also demurred to the complaint upon the ground that it did not contain facts sufficient to constitute a cause of action. The demurrer was overruled, and an exception was taken. The appellant then filed an answer in two paragraphs. The court sustained a demurrer to the second paragraph of the answer, and the appellant excepted.

The cause was, by the agreement of the parties, submitted to the court for trial, and was tried upon an agreed statement of facts. The court found for the plaintiff below, and, over a motion for a new trial, rendered final judgment perpetually enjoining the collection of the assessments.

The appellant has assigned the following errors: first, the court erred in overruling the motion to strike out parts of the complaint; second, the court erred in overruling the demurrer to the complaint; third, the court erred in sustaining the demurrer to the second paragraph of the answer; fourth, the court erred in overruling the motion for a new trial.

The first assignment of error presents no question for our decision. The record is as follows:

The bill of exceptions upon this point reads thus: "Be it

further remembered that at the proper time the defendant filed a written motion to strike out certain portions of the complaint, as follows: See *ante*, page ——, commencing on line number ——, and ending on page ——, on line number ——, for copy of motion. Clerk."

The clerk has copied into the transcript what purports to be a motion to strike out certain parts of the complaint, but the motion is not copied into the bill of exceptions, nor does the bill of exceptions contain the words "(here insert)." If the words "(here insert)" had been used, it would have authorized the clerk to have inserted the motion in the bill of exceptions. Such motions can only become a part of the record by being embodied in a bill of exceptions. And as the clerk had no right to copy the motion into the transcript, it cannot be made a part of the record by the clerk's filling the blank in the bill of exceptions with a reference to the page of the transcript where the same may be found. We have no means of knowing that the motion copied in the transcript is the same motion which was made. When a motion is copied into a bill of exceptions, which is signed by the judge, and the clerk certifies, under his seal of office, that the bill of exceptions is a true, perfect, and complete copy of the original on file in his office, we have the authentication required by the statute. Nor are we informed by the bill of exceptions whether the court sustained or overruled the motion, nor whether any exception was taken to the ruling of the court. The recitals of the clerk upon these points cannot be regarded by us. *Stewart* v. *Rankin*, 39 Ind. 161.

The second assignment of error presents for our decision the sufficiency of the complaint.

It is, in the first place, insisted by counsel for appellant that the demurrer should have been sustained, because the appellees were improperly joined as parties plaintiffs, as the cause of action of each was distinct. The ground of the demurrer was that the complaint did not contain facts sufficient to constitute a cause of action. Such a demurrer does

not raise any question as to the parties to the action. *Womack* v. *McAhren*, 9 Ind. 6; *Collins* v. *Nave*, 9 Ind. 209; *Mandlove* v. *Lewis*, 9 Ind. 194; *Rogers* v. *West*, 9 Ind. 400; *Mewherter* v. *Price*, 11 Ind. 199.

It is also claimed by counsel for appellant, that his motion to require the causes of action to be separated, presents the question as to the parties. We think otherwise. The only evidence we have that such a motion was made is the recital of the clerk. Besides, we decided, in *Robbins* v. *The Sand Creek Turnpike Co.*, 34 Ind. 461, that separate owners of lands, which had been separately assessed, might unite as plaintiffs, to enjoin the collection of such assessments.

Was the complaint defective for the want of sufficient facts? In the complaint ten separate and distinct objections are urged to the validity of the assessments, and all these objections are fully considered and discussed by counsel for appellant; but we feel called upon to examine only one of the objections, for the reason that the agreed statement of facts was limited to one, and this we regard as a waiver of all the others.

The objection to the validity of the assessments upon which this cause was tried is as follows: "The plaintiffs further say that all of said town of Hope is within one and one-half miles of the western boundary of said road, and the real estate therein was assessed for taxation, for the year 1869, at seventy-nine thousand one hundred and five dollars; and that the town of St. Louis, an unincorporated town in said county of Bartholomew, is within one and one-half miles of said road, and the real estate therein was assessed for taxation, for said year, at ——— dollars; and said assessors did not make a list of the real estate within said towns, nor assess any benefits thereto, holding that said real estate was exempt from assessment under the law; and said assessors failed to make a list of other real estate within said towns and within one and one-half miles of either side of said road, of the value, to wit, of three thousand dollars."

The agreed statement of facts, upon which the cause was

tried and decided, is embodied in a bill of exceptions, and is as follows:  '

"Be it remembered, that on the trial of this cause, the plaintiffs, to maintain their issues therein, submitted the following agreed statement of facts, agreed on by the parties, namely :

"That the assessors appointed by the board of commissioners of Bartholomew county to make assessments of benefits on all lands within one and one-half miles of the *termini,* and on either side of the line of the turnpike road of the defendant, failed to list or assess the lands situate in the town of Hope, an incorporated town in Bartholomew county, and St. Louis, an unincorporated town therein, both of which were within one and one-half miles of the terminus of said road, and assessed the benefits on plaintiffs' lands, as set forth in the complaint, and they remain unpaid, as set forth in the complaint, and the value of the lands in Hope and in St. Louis is the same as in the complaint; and this was all the evidence given in the cause."

It has been repeatedly decided by this court, that where assessors,, appointed under the act providing for assessments on lands to aid in the construction of roads, omitted, in the list returned by them, any land within one and one-half miles from the proposed road, their entire assessment is void, and an injunction will lie to prevent its collection. *Turner* v. *The Thorntown, etc., G. R. Co.,* 33 Ind. 317; *Hardwick* v. *The Danville, etc., G. R. Co.,* 33 Ind. 321; *The New Haven, etc., Turnpike Co.* v. *Bird,* 33 Ind. 325; *Robbins* v. *The Sand Creek Turnpike Co.,* 34 Ind. 461; *The Greencastle and Bowling Green Turnpike Co.* v. *Albin,* 34 Ind. 554.

The counsel for appellant has referred us to many decisions in other states holding an opposite doctrine. Such decisions were based upon the peculiar language of the statutes of such states, and cannot be regarded as entitled to much weight, unless the statutes on which they were based were the same as ours.    We are satisfied with the construction which has been placed upon our statute.   Indeed, we

cannot see how any other construction could be given to it. The language does not seem to be susceptible of any other or different construction. In fact, there is but little room for construction. The statute under which the assessments were made makes it the duty of the assessors "to view all the lands within one and one-half miles of such road, on either side thereof, as located, or within one and one-half miles of the terminus thereof," if situated in the county where the assessors have been appointed, and "to make a list of all the lands within such bounds, and to assess the amount of benefit that will result from the proper construction and maintenance of such proposed road, and report the same to the county auditor in writing, and append thereto their affidavit that the same is correct," etc.

The above statute expressly, absolutely, and imperatively requires of the assessors that they shall view all the lands and make a list of all the lands within the prescribed bounds, but the assessment of benefit does not necessarily follow the viewing and listing of all such lands. Whether the lands viewed and listed are benefited, and if so, to what extent, is a matter of judgment, to be determined by the assessors from the facts and circumstances attending and surrounding each assessment of benefits.

The construction placed upon a similar statute by the Court of Appeals in the State of New York, in the case of *The People* v. *Smith*, 45 N. Y. 772, meets with our entire approval.

ALLEN, J., speaking for the court, says: "The power sought to be delegated to a portion of the taxable inhabitants of a municipality to burden and charge the property of all, and subject it to taxation for a purpose foreign to those for which local governments are organized, and with a view to contingent benefits, in respect to which men may differ in opinion, and in aid of works, which in most instances, will more largely benefit some than other portions of the district, alike and equally charged, is one of grave importance, seriously affecting the rights and pecuniary in-

terests of the citizen, and can only be exercised in strict conformity to and by a rigid compliance with the letter and spirit of the act conferring the authority. Nothing can be taken by implication, and the act, as it imposes a burden upon the public, and in a manner deprives the owner of the full control and disposition of his property, by giving to others the power to encumber it, should be strictly construed in favor of the rights of property."

The same learned judge, in another portion of his opinion, says: "While it is for the legislature to decide upon the wisdom and expediency of the enactment of a law, and the province of the court is simply to interpret the act and give it effect according to the intent of the legislature, a statute in derogation of common right will not be extended by implication, but its operation and effect will be confined to the cases within the express language employed, giving it its ordinary signification, in the absence of any evidence that the legislature intended to use it in a different sense."

If however, we entertained any doubt as to the correctness of the former decisions of this court upon the point under consideration, we should be very slow in overruling such decisions. "Chancellor KENT says: 'A solemn decision upon a point of law arising in any given case becomes an authority in a like case, because it is the highest evidence which we can have of the law applicable to the subject, and the judges are bound to follow that decision so long as it stands unreversed, unless it can be shown that the law was misunderstood or misapplied in that particular case. If a decision has been made upon solemn argument and mature deliberation, the presumption is in favor of its correctness, and the community have the right to regard it as a just declaration or exposition of the law, and to regulate their actions and contracts by it. It would therefore be extremely inconvenient to the public if precedents were not duly regarded and implicitly followed. It is by the notoriety and stability of such rules that professional men can give safe advice to those who consult them, and people in general can

venture to buy and trust, and to deal with each other. If judicial decisions were to be lightly disregarded, we should disturb and unsettle the great landmarks of property. When a rule has once been deliberately adopted and declared, it ought not to be disturbed unless by a court of appeal or review, and never by the same court, except for very urgent reasons, and upon a clear manifestation of error; and if the practice were otherwise, it would be leaving us in a perplexing uncertainty as to the law.' " Cooley Const. Lim. 50.

We are therefore of opinion that that portion of the complaint, hereinbefore set out in this opinion, constituted a good cause of action, and entitled the plaintiffs to injunctive relief, and that consequently the court committed no error in overruling the demurrer thereto.

The third error assigned involves the correctness of the ruling of the court in sustaining the demurrer to the second paragraph of the answer. Such paragraph is as follows:

"Second. The said defendant, for answer to said claims and charges of said Sidener, says that said Sidener was duly elected president of said corporation, on the —— day of ——, 1863, by the stockholders of said corporation, who held stock therein duly subscribed; that said Sidener then and there accepted of said position of president of said corporation, and acted as such up to the —— day of ——, 1868; that he solicited, accepted, and received stock for said company; that he made and entered into contracts, as the authorized president of said corporation, for grading, gravelling, and constructing said turnpike, and by means thereof involved the said corporation in a debt of five thousand dollars; that the said Sidener filed the petition of said company with the board of commissioners, as the acting president of said corporation, duly authorized by the directors and stockholders of said corporation, asking the appointment of assessors to assess the benefits of all lands within one and one-half miles of said road, as set forth in said complaint, and continually from said date of election of said Sidener as president up to the time of filing the com-

plaint herein he has acted with and controlled said turnpike company; that since he ceased to be president, he has annually voted for officers of said corporation, and acted as a director thereof; that he caused the route to be surveyed and laid out, and that the same runs over his land by his own encouragement and direction, and that the same, so far as said road passes by, along, and through said lands of said Sidener, has been fully graded, gravelled, and completed at great expense to said company; and that the benefits by said expenditure to the said lands of the said Sidener fully equal all the assessments made on said lands as aforesaid; that said Sidener let out said contracts for grading and gravelling said road, as the president of said road; that he knew of said work and expenditures made on said turnpike without objection, and stood by and permitted said work to be done on said road, and said expenditures to be made, without objection or dissent; that the route of said road was duly located with the full knowledge of the said Sidener and said Harker; the said road, as located, was duly graded, gravelled, and fully completed from said Hope, by the way of Milford, to Greensburgh, in Decatur county, and large sums of money were expended, and defendant has contracted large indebtedness, to wit, five thousand dollars, in and about the construction of said turnpike, all of which was done with the full knowledge, and without objection, of the said plaintiffs; that said turnpike passes along and across the lands of the said Harker, and was graded, gravelled, and completed with his knowledge, and without objection; that the benefits to the lands of the said Harker fully equal the said assessed benefits; that said Sidener and Harker are stockholders in said corporation; that as such they have participated in the election of said officers annually since the year 1862; that they have been officers thereof and candidates for president and director of said company; that they united in locating said turnpike road, as set forth in the petition to assess damages; that all changes which were made (which were very slight) were made on the petition

and under the advice of plaintiffs; that said assessment set forth in the complaint was made by commissioners duly appointed for plaintiffs' benefit, and intended therefor; that said assessment was ordered, and said first commissioners appointed, on the motion and at the request of the said Sidener, as the president of said corporation; and said first commissioners appointed having tendered their resignation, and refused to act, said second commissioners were appointed on the motion of —— Powell, president of said corporation, who succeeded said Sidener; that said turnpike in Bartholomew county runs from Hope to the north-east corner of the south-west quarter of section one, a distance of six miles, and that said assessment made and tendered was made and intended for defendant's corporation; that defendant's corporation is known by both names of the Greensburgh, Milford, and Hope Turnpike Company and the Greensburgh, Hope, and Milford Turnpike Company, but the names apply to one and the same corporation; that it is known generally, and called by the public, by both names, and frequently did business by both names; that all said land assessed is lying within one and one-half miles of said road; that said defendant is generally, usually, and publicly known by said two names as aforesaid, and the same was duly organized on the —— day of ——, 1862, by duly filing its articles of association in due and proper form in the recorder's office of Bartholomew county; that said road was ordered by the board of directors to be made a gravel road, at which said Sidener presided as president, and the same has been constructed as such, and fully completed, by said company, without objection by plaintiffs; that any and all moneys received by defendant have been paid out and expended in the construction of said road with the full knowledge of said plaintiffs, and without objection; that said plaintiffs have urged defendant to proceed to the completion of said road, urging and advising them to enter into contracts for the construction of said road, and to rely upon

said assessments of benefits for the payment of said contracts; and under and pursuant to their advice as officers and stockholders of said company, the company have entered into contracts to complete said road, and have completed said road, involving the company, therefor, in the sum of five thousand dollars, and that there are no other means by which to pay said indebtedness, except said assessments.

" The said defendant avers that said plaintiffs had full knowledge of said assessment of benefits made, and knew of the letting of divers contracts for the completion thereof since said assessments, and with full knowledge of all the facts, paid a portion of their assessments, as averred in the complaint; that said plaintiffs knew that said defendant had no means with which to complete said turnpike road, and that the proceeds that might be procured from said assessments were the only means by which defendant could complete said turnpike; that defendant duly advertised for proposals to make said turnpike road, all of which said plaintiffs well knew, and had full knowledge of the letting of contracts and doing of the work, until said road was wholly completed; that they stood by and permitted the same to be done without objection, and have derived the full benefit of said work and labor, and on the faith of said assessments, defendant completed said work; that the contractors under-took and did complete the same, and defendant, on account thereof, has involved itself in and about the completion of said road in the sum of about five thousand dollars, which is now due and unpaid. Wherefore defendant demands judgment."

The question presented for our decision is, whether the facts stated in the foregoing answer estopped the appellees from asserting that the assessment in question was illegal and void. Many facts are relied upon as constituting an estoppel by conduct. But it seems to us that there is a fatal omission in the answer. It is alleged in the answer that the plaintiffs had full knowledge of the assessment of benefits,

but it is not averred that they knew that any lands liable to be assessed had been omitted, or that the appellant was ignorant of such omission.　To constitute a valid estoppel by conduct, there must be knowledge on the part of the party sought to be estopped, and a want of knowledge on the part of the party relying upon the estoppel.　FRAZER, C. J., in speaking for the court, in *Fletcher* v. *Holmes*, 25 Ind. 458, states the law thus:

"The doctrine of estoppel *in pais* rests upon a reasonable and just foundation.　For the prevention of fraud, the law will hold a party to be concluded by his own act or admission.　Surely this can have no application where everything was equally known to both parties, or where the party sought to be estopped was ignorant of the facts out of which his rights sprung, or where the party seeking to conclude him was in no degree influenced by the acts or admissions which are set up."

The law is stated as follows by Bigelow, in his recent and valuable work on Estoppels, as to what elements must be present in order to constitute an estoppel by conduct:

"1. There must have been a representation or a concealment of material facts.

"2. The representation must have been made with knowledge of the facts.

"3. The party to whom it was made must have been ignorant of the truth of the matter.

"4. It must have been made with the intention that the other party should act upon it.

"5. The other party must have been induced to act upon it."　Bigelow Estoppel, 480.

The foregoing authorities conclusively show that the answer was fatally defective.

There are many other questions discussed with great learning and ability by opposing counsel, but as we cannot reverse the judgment for the reason above stated, it is unnecessary for us to consider and pass upon them.　Several

of the questions discussed were recently considered and decided by us in the case of *Hopkins* v. *The Greensburg, Kingston, and Clarksburg Turnpike Co., ante,* p. 44.

The judgment is affirmed, with costs.

*F. T. Hord,* for appellant.

*S. Stansifer,* for appellees.