William C. Brumley et al., Respondents, v. William Golden et al., Appellants.

## Kansas City Court of Appeals, June 6, 1887.

1. Action—Suit by Attaching Creditors to Set Aside Fraudulent Conveyance—Construction of Section 448, Revised Statutes. Section 448, Revised Statutes (which provides for a joint action by attaching creditors to set aside a fraudulent conveyance) is an ingraftment upon the statute concerning attachments ; and would not be permissible, at common law or in equity ; and is exclusively a statutory right and proceeding.  The petition and proof must show the existence of the facts specified in the statute giving the several attaching creditors the right to maintain the action.  *Held*, that, in this case, the petition does not show nor the proof establish the facts required by the statute to maintain the action.

*On motion for rehearing.*

2. Practice—Failure of Proof.—There can be no recovery where there is failure of proof of a material averment.  The identity of the respective levies (in this case) on the same property is in the nature of a jurisdictional fact.

Appeal from Cole Circuit Court, Hon. E. L. Edwards, Judge.

*Reversed and action dismissed.*

*Motion for rehearing denied.*

The case is stated in the opinion.

Edwin Silver and Dobson, Douglass & Trimble, for the appellants.

I.   The petition fails to state a cause of action.  It does not allege that the mortgages embraced all of the property, real and personal, of the mortgageors.  Nor does the evidence show that the Goldens had no other property than that mentioned in the mortgage.  This objection was raised at the trial, on the first offer of evi-

dence by the plaintiffs, and was well taken. *Brooks v. Duckworth*, 59 Mo. 48.

II. Plaintiffs failed to allege, and the evidence shows that they are not judgment creditors; and for this reason they cannot maintain their suit. *Martin v. Michael*, 23 Mo. 50; *Turner v. Adams*, 46 Mo. 95; *Merry v. Gloimy*, 44 Mo. 518; *Crim v. Walker*, 79 Mo. 335. Revised Statutes, section 448, upon which this suit is predicated, has been in force since January 14, 1860 (Acts 1860, pp. 3-4), being incorporated in the revisions of 1865 and 1879. The three cases last above cited were all decided since the enactment of the above law, and each of them hold that a creditor must reduce his claim to judgment before invoking the aid of equity.

III. The statute (Revised Statutes, section 448) permits the suit to be maintained by different attaching creditors jointly only where the attachments are levied on the same property. The evidence of sheriff Meyers, and it is not controverted, shows that the attachments were levied on different goods. This objection was raised at the trial. The evidence fails to support the fraud charged in the petition, and in such case the appellate court will interfere and set aside the decree of the lower court and enter a proper one of its own. *Caldwell v. Smith*, 88 Mo. 44; *Muenks v. Bunch*, 90 Mo. 500. The evidence shows that the mortgages were given in good faith for a *bona fide* indebtedness, and that there is an entire absence of fraud. Fraud must be proved, not conjectured. *Priest v. Way*, 87 Mo. 16. The mortgagees must have participated in the intent to defraud the creditors of the mortgageors (of which there is no evidence) before the mortgage can be considered fraudulent as to creditors. *Shelley v. Boothe*, 73 Mo. 74; *Dougherty v. Cooper*, 77 Mo. 528. And it is no objection to the conveyance that it had the effect to hinder other creditors, and that it was made by the debtor with

the intent it should so operate, provided it was received *bona fide* to secure a debt.   *Shelley v. Boothe, supra.*

IV.   The suit in equity by the attachment creditors under Revised Statutes, section 448, is predicated on the attachment proceedings, is merely auxiliary to the latter, and unless ·they are sustained, the equitable suit must also fail.   The evidence shows that there was already, before the trial of the case at bar, a judgment for E. A. Phillips and George W. Sedgwick, as interpleaders in the Nicholson attachment suit, and hence the finding, in the suit at bar, that the attachment in favor of plaintiffs, Peter and Jane Nicholson, was a valid lien against the goods attached by them, cannot be sustained. Where a judgment is given in evidence it is equally conclusive in its effect as if it were specially pleaded in bar. *Offut v. State*, 8 Mo. 120.

V.   Revised Statutes, section 448, contemplates only the removal by proceeding in equity of the fraudulent conveyance, lien, or incumbrance as a cloud on the title to the property.   So that the judgment in the attachment, when rendered, may operate on it at once, without hindrance or further litigation.   The decree could proceed no further than simply to annul the conveyance, and it is manifestly erroneous in finding that the attachment levies constituted valid and subsisting liens against the attached property.   The apparent difficulties presented by the complications arising in these several suits can be solved by regarding the equity suit as a mere auxiliary one, and having for its object the simple removal of clouds on titles, or incumbrances, the taking effect of the decree therein being entirely dependent on the result of the attachment suits.   When the attachment suits fail, the decree as to them must necessarily be of no effect.

MOORE & WILLIAMS and GAGE, LADD & SMALL, for the respondents, Nicholson.

I.   It is not necessary that the petition should state,

or the evidence show, that the mortgageors had no other property than that conveyed by the mortgage, nor that they were judgment creditors. In *Crim v. Walker* (79 Mo. 335), the plaintiff was not an attaching creditor, but a general creditor, suing on a foreign judgment. *Merry et al. v. Fremon et al.* (44 Mo. 518), was an action by a judgment creditor to set aside a fraudulent conveyance of the debtor, and was sustained. So in *Turner et al. v. Adams* (46 Mo. 95), the plaintiffs were several judgment creditors, who had recovered in their attachment suits, and their joint action was maintained without the aid of any statute, on the ground that to hold otherwise would lead to a multiplicity of suits. *Martin et al. v. Michael et al.* (23 Mo. 50), arose before the statute ( Rev. Stat., 1879, sect. 448 ), was passed.

II.   The statute ( Rev. Stat., 1879, sect. 448), is remedial, and must be liberally construed. The words, "the same property," may fairly be held to mean that already referred to, of, or upon which the fraudulent conveyance, assignment, charge, lien, or incumbrance has been made.

III.   The clause of section 448, giving the right of joinder to several attaching creditors, is merely permissive and declaratory, and not restrictive. Without that clause several plaintiffs might join in attacking the same conveyance, which is an obstacle and hindrance to all, and that, too, without having levies on the same portions of the mortgaged property. The statute confers the right upon any attaching creditor of any part of the property, covered by a mortgage, alleged to be fraudulent, to attack the mortgage for fraud, and this right being established, several such creditors may join in the attack without any further help from the statute, and the statute does not limit this right. Wait on Fraud. Con., sect. 108; *Turner et al. v. Adams*, 46 Mo. 95.

IV.   If there be a misjoinder of parties, plaintiff or

defendant, or of causes, or of both, the objection not having been taken either by demurrer or answer, the appellants must be deemed to have waived the same. Rev. Stat., 1879, sect. 3519 ; *Baier v. Berberich,* 85 Mo. 50 ; *Hicks v. Jackson et al.,* 85 Mo. 283 ; *The Southworth Co. v. Lamb,* 82 Mo. 242. If the case shows that Nicholson & Company have a good cause of action and the other plaintiffs have none, the court will affirm the judgment as to Nicholson & Company, and reverse it as to the others. Rev. Stat., sect. 3673 ; *Mueller v. Kaessmann,* 84 Mo. 318 ; *Mansfield v. Allen,* 85 Mo. 502.

.V. Appellants, by their answer, abandoned their mortgage to the attack of plaintiffs, and sought to shelter themselves under a possession taken under a parol agreement with Golden & Company, outside of the mortgage and upon different terms. There was no evidence whatever of any such parol agreement, and no defence whatever is made to the attack on the mortgage.

## On motion for rehearing.

Moore & Williams, and Gage, Ladd & Small, for the motion.

The petition stated a good cause of action in behalf of these respondents. Section 448, Revised Statutes, 1879, provides that any attaching creditor may maintain an action for the purpose of setting aside any fraudulent conveyance of any property attached in any action instituted by him. This petition distinctly and sufficiently set forth that Nicholson & Company were attaching creditors of Golden & Company, and in an action instituted' by them against Golden & Company, had attached certain property, and that Golden & Company had fraudulently conveyed this property to Phillips and Sedgwick. No element of a good and perfect cause of action was wanting in this statement. The opinion rendered does not question this, but as-

sumes that because other persons not interested in this
cause of action are made parties plaintiff, and a cause
of action is stated in favor of these other parties, the
cause of action, so stated in favor of Nicholson & Com-
pany, is in some way destroyed. This assumption is a
*non sequitur* in reason and in law. It is equivalent to
saying that because the petition states three causes of
action it states none. No human ingenuity can make
anything more out of the alleged defects in the petition
than a misjoinder of parties and of causes of actions, and
these defects the statute declares have been waived in
this case. Unless that statute can be expunged and
obliterated from the laws of the state, that waiver must
stand and have effect ; at least, the statute is not to be
overlooked. Of course, it is said that Levison, and
Brumley & Company, are parties plaintiff with Nichol-
son & Company, and that the statement of a good cause
in favor of Nicholson & Company, makes out no case in
favor of all the plaintiffs. But this only amounts to a
misjoinder of parties, and the statutory waiver exactly
meets this view of the case.

EDWIN SILVER and S. C. DOUGLASS, in opposition
to the motion.

The statute (Rev. Stat., sect. 448), provides that
where several attachments, in favor of different plain-
tiffs, are levied on the same property, all, or any number
of such plaintiffs may join in the same action for that
purpose. (1) The other side invoke the rule that, under
the statute, the objection made by us was one simply of
misjoinder of parties, and could only be raised by de-
murrer or answer. Conceding this to be so, was not the
point raised by a demurrer? We understand that ob-
jecting to the introduction of evidence, because the
petition fails to state a cause of action, is but an oral
demurrer for the ground stated. So, why could we not
make an oral demurrer, as was done in this case, on the
offer of evidence, because "the attachments were not
levied on the same property, and the plaintiffs could not,

therefore, join in the action?" (2) That the petition should aver that the levies were on the same property, was an essential element of their right of action, *aliter* they cannot maintain their action. The statute accorded them a right of action only in the event the levies were on the same properties, otherwise they had no right of action. This is not the ordinary case of misjoinder of parties to which the statute respondents invoke applies. Where there is a failure of proof of a material averment in the petition, there can be no recovery. *Groll v. Tower*, 85 Mo. 249. There was neither allegation nor proof in this case. See the position of the other side. They have two separate and distinct causes of action, conjoined in the same suit, and in the same petition. It is just as if A had a cause of action against C for converting his horse, and B, also, had a cause of action against C, for converting a different horse, belonging to B, and A and B should join in the same suit, and in the same petition, yea, in the same count of the petition, two several and distinct grievances, for the conversion of their several and respective horses. Two suits could not be so commingled and conglomerated, and an objection to such an extraordinary miscegenation would lie at every step, we apprehend. The statute as to waiver, if there be no demurrer or objection by answer, would not be held to apply to such an extraordinary state of things. (3) We think the case of *Leisse v. Railroad* (85 Mo. 561), is in point here for us. There A and B, co-tenants of the land, sued the railway for injuries growing out of condemnation proceedings, and claimed, among other things, as an element of damages, compensation for employment of attorneys, in resisting the condemnation proceedings. It appeared that A and B had different counsel, who severally attended to the management of the case, and the court held that the employment of the attorneys being several, there could be no recovery for their services in the joint suit. 2 Mo. App. 117. The question, it will be seen, was not

raised by the demurrer filed in the case, but simply by an instruction, on the trial. There was no answer filed, but merely an inquiry of damages. So we say here that plaintiffs, Brumley, Nicholson, and Levison, having joined in the suit, there can be no recovery, except on the theory of joint liability, that is, only so far as the facts show the levies to have been on the same property; but neither the petition avers, nor does the evidence show this, but the reverse, and hence there can be no decree for them.

PHILIPS, P. J. — This action is based on section 448, Revised Statutes, which is as follows: "Any attaching creditor may maintain an action for the purpose of setting aside any fraudulent conveyance, assignment, charge, lien, or incumbrance of, or upon, any property attached in any action instituted by him; and where several attachments, in favor of different plaintiffs, are levied, on the same property, all or any number of such plaintiffs may join in the same action for that purpose."

The petition shows that different attaching creditors join in this action. Its object is to set aside, as fraudulent, a certain deed of mortgage, executed by the defendants, Golden & Company, to the other defendants, E. A. Phillips & Company, covering a large amount of dry goods, kept in different stores, a large quantity of railroad ties, situated at different points, and several parcels of land.

This provision of the statute is an ingraftment upon the statute concerning attachments. Such an action as this, by several attaching creditors in one suit, would not be permissible at common law or in equity. It is exclusively a statutory right and proceeding. As such, the petition and proof must show the existence of the facts specified in the statute giving the several attaching creditors the right to maintain the action. To entitle these plaintiffs to bring and maintain the action, the

petition must show, and the proof must establish, the fact that the "several attachments are levied on *the same property.*" The petition fails to allege this essential fact. In respect of one of the writs, it states that it was "levied upon a portion of the goods, wares, and merchandise, situate in one of the storehouses, to an amount believed to be sufficient to satisfy said debt"; while, in respect to the other writ, it is alleged that it was "levied upon a portion of said goods, to the amount believed to be sufficient to satisfy the debt." So far from showing that the several writs were levied on the same property, the inference would rather seem that they were different parcels of the mortgaged property.

The evidence on the part of plaintiffs, so the abstract of the record recites, shows that "the levies made were upon *different portions* of said property." This proved the plaintiffs out of court, and the demurrer interposed by defendants to the evidence should have been sustained.

The judgment of the circuit court must, therefore, be reversed and the petition dismissed. It is so ordered. All concur.

### On motion for rehearing.

Philips, P. J.—The motion for rehearing herein is based on the assumption that the decision is in conflict with section 3519, Revised Statutes. We will accept the contention of counsel that the petition stated a good cause of action in favor of the attaching creditors. That being the case, even conceding that section 3519, Revised Statutes, applies to a proceeding under section 448, Revised Statutes, the petition is admitted to aver that the several levies were made on the same property. This was essential to give a cause of action. The answer tendered the general issue, and, in legal effect, is the same as if it had distinctly averred that the levies were not made on the same property. That was a fact at issue under the denial essential to be proved to give the plain-

tiffs the relief sought. It was not only not proved by plaintiffs, but was disproved by their own evidence. There can be no recovery where there is a failure of proof of a material averment. *Groll v. Tower*, 85 Mo. 249.

In *Leisse v. Railroad* (2 Mo. App. 105), affirmed by the Supreme Court (72 Mo. 562), two joint tenants sued the railroad company for damages, consequent upon the abandonment of condemnation proceedings taken against the joint property. In the petition, and at the trial, the plaintiffs sought to recover, as damage, liabilities incurred by them, under separate retainers of counsel, in defending the condemnation proceedings, and for their several loss of time in attending to the business of that defence.

There was, in fact, neither demurrer nor answer to this petition. There was a general demurrer, on the ground that the petition did not state a cause of action. This was not sufficient, however, to raise the question of misjoinder. Bliss Plead. 411; *Allnut v. Leper*, 48 Mo. 321; *Greensburgh v. Sidener*, 40 Ind. 424; Rev. Stat., sect. 3516. Yet the court held, in that case, that the evidence showing the fact of separate causes of action defeated a joint recovery. *Doan v. Holly*, 25 Mo. 357.

We fully considered this question, in deciding the case, before the opinion was prepared. Our conclusion was that section 448, Revised Statutes, under which the plaintiffs proceeded, was *sui generis*, in authorizing separate attaching creditors to maintain a joint bill in equity. The identity of the respective levies on the same property is in the nature of a jurisdictional fact. It is that which gives the several parties a standing in court, and the right of the court to grant the injunction. So, when the fact was developed, at the trial, by the plaintiffs' evidence, that the levies were not made on the same property, the petition, in a material matter, was not proved, and, therefore, the plaintiffs must go out of

court. On mature consideration, we are satisfied that the ruling was correct.

The other judges concurring, the motion for rehearing is denied.