Hardwick, Adm'r, *v.* The Danville and North Salem Gravel Road Co. *et al.*

———————•———————

HARDWICK, Administrator, *v.* THE DANVILLE AND NORTH SALEM GRAVEL ROAD COMPANY and Others.

TURNPIKE.—*Act of* 1867.—*Assessment.*—*Injunction.*—Where assessors appointed under the act of 1867 (Acts 1867, p. 167) failed to view and list any portion of the lands within the limits prescribed by said statute and to

assess the benefit that would result thereto from a proper construction of the proposed road, the assessment made by them on other lands is invalid, and a suit to enjoin the collection of such an illegal assessment cannot be barred by showing an assessment of the omitted lands after the commencement of such suit.

SAME.—*Report of Assessors.*—A report of assessors appointed under said act to the county auditor commenced thus: "Report of assessments made for construction." It was then ruled in columns, headed, "owners' names," "description of land," "amount of assessment;" under which was a list of names of persons, a description of the land owned by each, and the amount assessed against each tract. It then concluded with an affiadvit subscribed by said assessors, stating, "that the foregoing list of lands and town lots have been examined by us, and the benefit that a gravel road leading from" a town named "to" another town named "would be to the same has been by us assessed, as shown by the foregoing list, correctly, just, and fair, according to the best of our judgment and ability."

*Held*, in a suit to enjoin the collection of the assessment made by said assessors, that said report was essentially defective.

APPEAL from the Hendricks Circuit Court.

ELLIOTT, J.—This was a suit for an injunction, commenced in November, 1868, by Silas Hardwick, against The Danville and North Salem Gravel Road Company and the Auditor and Treasurer of Hendricks county, to enjoin the collection of an assessment made on lands of the plaintiff for the construction of the gravel road of said company, under the act of March 11th, 1867, Acts of 1867, p. 167.

The principal grounds stated in the complaint for an injunction are, that the assessors appointed by the board of commissioners of the county, to assess the benefit to each tract of land within a mile and a half on either side of the proposed road, and within the same distance of the termini thereof, that will result from a proper construction of the same, did not view all the lands within such bounds, or make a list thereof; and that they did not assess the benefit to all the tracts of land within the prescribed limits, that would result from the construction of the proposed road. A number of tracts of land, which, it is alleged, are within the limits named, are described, and it is averred that by the omissions of said assessors, a much greater burden is im-

posed on the lands assessed, including the plaintiff's, than would be required, if all the lands within said bounds had been listed and viewed, and the benefits to each tract properly assessed, as required by the statute.

Silas Hardwick, the plaintiff, died pending the suit, and Warren Hardwick, as his administrator, was substituted as plaintiff.

The defendants filed an answer in two paragraphs:

First, the general denial. The second is to so much of the complaint as states that all the lands within the prescribed limits were not assessed, and alleges that the eighty acre tract described in the complaint, "is the county poor farm, and not liable to assessment for taxes; that the thirty acres in section thirteen, and ten acres in section three, have been assessed upon the request of the company, on the first of July, 1869; that the twenty acres set forth is a part of the farm of R. C. Russell, and was included in assessment against him, but erroneously described as being in section three, instead of section two, and that the residue described in said complaint are not within one mile and a half of said road, wherefore," &c.

To this paragraph a demurrer was filed, which the court overruled, and the appellant excepted. A reply in denial of the paragraph was then filed. By agreement of the parties, the cause was tried by the court.

Finding and judgment for the defendants. A motion for a new trial was made and overruled.

The first error complained of is the action of the court in overruling the demurrer to the second paragraph of the answer. We think the answer is bad, and the demurrer to it should have been sustained. The statute under which the assessment was made makes it the duty of the assessors " to view *all* the lands within one and one-half miles of such road, on either side thereof, as located, or within one and one-half miles of the terminus thereof," if situated in the county where the assessors have been appointed, and " to make a list of all the lands within such bounds, and to assess

the amount of benefit that will result from the proper construction and maintenance of such proposed road, and report the same to the county auditor in writing, and append thereto their affidavit that the same is correct," &c., and directs that the report shall be kept on file by the auditor, for the examination and inspection of any person concerned. This suit was commenced in November, 1868, and the second paragraph admits that the report made by the assessors did not include *all* the lands within the prescribed limits, and that the omitted tracts were not listed or assessed at the commencement of the suit; but attempts to avoid the effect of the errors and imperfections in the assessors report, by showing that during the pendency of the suit, and but a short time before the trial, the omitted tracts had been assessed. This is not a bar to the suit. An erroneous and illegal assessment had been made and placed on the duplicate. The treasurer was attempting to enforce its collection by a levy on the property of the appellant's intestate, and was only prevented from selling it by the restraining order of the court. The assessment was illegal in its inception, and was not a valid tax on the duplicate. It was illegally placed there, and could not be made valid by an assessment of the omitted lands during the pendency of the suit. The statute authorizes the imposition of onerous burdens on land owners without their consent, in the form of an assessment for a specific, and not a general public purpose, and its provisions should be strictly complied with, to justify proceedings under it. Any other rule would leave a wide door for great abuses.

The refusal of the court to grant a new trial, on the ground that the finding of the court is contrary to the evidence, is also assigned for error.

In this, we think, the court also erred. The report of the appraisers to the county auditor was given in evidence and is before us. It fails in almost every essential requisite in meeting the requirements of the statute. It does not show that the appraisers viewed all of the lands within the

prescribed distance of the proposed road, and it does not purport to contain a *list* of all the lands within such limits. Indeed, there is nothing in it showing that any of the lands, a list of which is given, and the benefits assessed, are within a mile and a half of the proposed road or of its termini, nor does it purport to be an assessment of the benefit that would result to the lands from the construction of the particular road.

It commences thus: "Report of assessments made for construction." It is then ruled in columns, which are headed as follows: "owner's names," "description of land," "amount of assessment;" under which is a list of names, a description of the lands owned by each, and the amount assessed against each tract. It then concludes with an affidavit, subscribed by the appraisers, in which they state, "that the foregoing list of lands and town lots have been examined by us, and the benefit that a gravel road leading from Danville to North Salem would be to the same has been by us assessed, as shown by the foregoing list, correctly, just, and fair, according to the best of our judgment and ability."

The judgment is reversed, with costs, and the cause remanded, with directions to the circuit court to sustain the demurrer to the second paragraph of the answer, and for further proceedings.

*C. C. Nave,* for appellant.