*C. C. Nave*, for appellant.

---

THE NEW HAVEN AND FORT WAYNE TURNPIKE COMPANY and Others *v*. BIRD.

TURNPIKE.—*Act of* 1867.—*Duty of Assessors.*—*Injunction.*—Assessors appointed under the act of March 11th, 1867 (Acts 1867, p. 167), authorizing plank, macadamized, and gravel road companies to procure assessments on lands, to aid in the construction of their roads, were required to make a list of *all* the lands within one mile and a half on either side of the proposed

326 SUPREME COURT OF INDIANA.

The New Haven and Fort Wayne Turnpike Company and Others v. Bird.

road, and within the like distance of either terminus thereof, including those in cities incorporated under the general law for the incorporation of cities, assessing those benefited, and to return said list and assessment to the county auditor. An assessment made without compliance with these requirements is void, and an injunction will lie to prevent its collection.

APEAL from the Allen Circuit Court.

GREGORY, J.—This case comes here on a finding of the facts and the conclusions of law upon them, under section 341 of the code.

This was a proceeding in the court below to enjoin the collection of an assessment made on the lands of the plaintiff to aid in the construction of a gravel road under the act of March 11th, 1867, Acts of 1867, p. 167.

The facts found by the court are substantially as follows:

First. That the plaintiff was the owner of the lot in the city of Fort Wayne, described in the complaint, and was charged on the tax duplicate for the year 1867, with the sum of sixty-seven cents, being one-third of the estimated benefit of the turnpike to said lot, the whole amount being two dollars and one cent; that at the proper time the plaintiff tendered to Monning, the county treasurer, the amount of the other taxes on said property, which the treasurer refused to accept unless the plaintiff would pay the said sixty-seven cents so assessed for the turnpike company.

Second. That the defendant, the New Haven and Fort Wayne Turnpike Company, was duly organized on the 12th of June, 1867, for the purpose of constructing a gravel turnpike road from the city of Fort Wayne, in said county of Allen, to the town of New Haven, in said county, having a subscription of at least eight hundred dollars per mile; that at the June session of the board of commissioners of said county for the year 1867, the said turnpike company applied to said board of commissioners, for the appointment of proper freeholders to assess the benefit which the construction of said road would be to each tract of land within one and a half miles of the road, and within the like distance of the termini thereof; and thereupon the board appointed said assessors, who were duly qualified, and entered

The New Haven and Fort Wayne Turnpike Company and Others *v.* Bird.

upon their duties. That afterwards, on the 28th of September, 1867, the assessors returned to the auditor's office a list of all the lands within one and a half miles of the road, and within a like distance of either terminus thereof, except five lots in the city of Fort Wayne, and a part of two other lots in said city; the said assessors, having viewed the land within the limits aforesaid (except that which was omitted as aforesaid), assessed the amount of benefit which would result to them by the construction of the road. They assessed nothing, however, upon a number of farms situated upon a strip of land owned by different persons, running nearly the whole length of the road, and of variable width, from one quarter of a mile to a mile, but lying on the opposite side of the Maumee river, from the road in question, most of which is under cultivation, and in the occupancy of persons living thereon. There is no bridge across the Maumee river between Fort Wayne and New Haven, nor is the river fordable much of the year. These lands on the opposite side of the river were duly listed by the assessors, and returned to the auditor's office, but no assessment was made on them, nor was any assessment made on part of the west half of the south-east quarter of section eleven, township thirty, range twelve, about forty acres, but the same was listed and returned as the property of Jesse L. Williams, and lies within the limits aforesaid; nor is any reason returned by the assessors why it was not assessed; nor was any reason assigned why any of the lands returned, but on which no assessment was made, were not assessed. All other lands returned by the assessors, were assessed for the benefits which the construction of the road would be to them, amounting, in the aggregate, to the sum of twenty-four thousand four hundred and twenty dollars; and the auditor, at the proper time, placed one-third of the amount assessed to each tract or lot upon the tax duplicate for the year 1867, which duplicate was duly placed in the hands of the treasurer for collection. The assessment of sixty-seven cents is one-third of the amount assessed upon the lot of the plaintiff as aforesaid.

Third. It is not found that any of the tax payers in whose behalf the plaintiff Bird brought the suit owned any of the property upon which the assessment was made; but it is found that all the lands within the limits of the mile and a half as aforesaid were assessed and charged on the duplicate with the third part of the amount of the supposed benefit thereto, in the names of a great many persons, tax payers, too numerous to make it practicable to bring them all before the court, and that the treasurer was proceeding to collect the same, in the legal manner of collecting taxes generally.

Fourth. It is found that Fort Wayne is a city organized under the general law of the State for the organization of cities.

Fifth. That the sum of six thousand seven hundred and eighty-six dollars and forty-eight cents, part of the said sum of twenty-four thousand four hundred and twenty dollars, the entire assessment, was made upon real estate within the limits of said city of Fort Wayne, which was then a city organized as aforesaid, and that one-third of said sum of six thousand seven hundred and eighty-six dollars and forty-eight cents, was charged upon the tax duplicate for said year 1867, upon the property in said city.

The conclusions of law upon the facts so found are in substance as follows:

First. The omission to list or to assess any tract or tracts of land within the specified limits, would not, under the act of 1867, render the assessment of the plaintiff's property, or that of others similarly situated, invalid, if otherwise legally authorized.

Second. That the assessing of such lands as are within one and a half miles of either end or terminus of the road is authorized.

Third. That such lands as lie within the limits of Fort Wayne are not exempt from assessment under the provisions of the statute in reference to the incorporation of cities, or by any other statute.

Fourth. That the recital in the complaint that the plaintiff sues as well on his own behalf, as on behalf of others similarly situated, requires no affirmative proof on his part. "It is," further says the court, "regarded by this court as being the law upon this subject that the plaintiff Bird is allowed to proceed in this case upon the principle that he is presumed fairly to represent the rights and interests of all others similarly situated, and that, although for the convenient administration of justice they are not required to be directly made parties, yet that all those who, in such case, are similarly situated with the plaintiff, upon such recital or suggestion being made in the complaint, are in one sense, for the purpose of the litigation, deemed, *prima facie*, to be before the court."

Sixth. That the law (Acts 1867, p. 167) is void.

Final judgment was rendered for the appellee enjoining the collection of the assessment. From this judgment the turnpike company appeals.

Several of the conclusions of law were erroneous, but the judgment must, notwithstanding, be affirmed, for the reason that the errors committed do not affect the substantial rights of the appellants. See 2 G. & H. 122, sec. 101.

In *Turner* v. *The Thorntown and Mechanicsburg Gravel Road Co.*, at this term, *ante*, p. 317, it is held, that under the act of March 11th, 1867, the assessors must make a list of all the land in the prescribed limits, including those in towns and cities, assessing those benefited; that this list and assessment must be by them returned to the auditor; that a failure to do this renders the assessment void; and that a court of equity will enjoin the collection of a void tax.

The facts found entitled the appellee to the relief awarded him by the decree of the court below.

Judgment affirmed, with costs.

*J. L. Worden, J. Morris,* and *W. H. Wethers,* for appellants.

*J. & W. G. Colerick, T. A. Hendricks, O. B. Hord,* and *A. W. Hendricks,* for appellee.