Scott *v.* The Mount Auburn and Marietta Turnpike Company *et al.*

———————o———————

## SCOTT *v.* THE MOUNT AUBURN AND MARIETTA TURNPIKE COMPANY ET AL.

TURNPIKE.—*List of Lands.*—When assessors, appointed under the act of March 11th, 1867, to assess lands to aid in the construction of a turnpike, fail to include in the list, which they are required to make and return, all the lands within one mile and a half of the line and each terminus of the turnpike, an injunction will lie to prevent the collection of the assessment.

APPEAL from the Shelby Circuit Court.

DOWNEY, J.—This was a complaint by the appellant against the appellees, to enjoin the collection of an assessment made for the construction of the road of said turnpike company, under the act of March 11th, 1867. The defendants demurred to the complaint, on the ground that the same did not state facts sufficient to constitute a cause of action. The court sustained the demurrer, the plaintiff excepted, and final judgment was rendered against him, from which he appeals. The error assigned is the sustaining of the demurrer to the complaint.

Among many other objections to the proceedings, it is alleged in the complaint, that the assessors of benefits did

not view or make a list of all the lands within one and one-half miles of the line and termini of said road, but purposely and intentionally omitted from their said list, so returned, two thousand acres of land within such distance, and also the entire town of Marietta, at one terminus of said road, containing one hundred and twenty-four lots, all of which omitted real estate was of the value of two hundred thousand dollars, etc.

It has been decided by this court, in several cases, that where the assessors fail to include in the list which they are required to make and return, all the lands within the taxing district, that is, within one and one-half miles of the road on each side, and at each terminus, the assessment máde by them cannot be sustained. *Hardwick* v. *The Danville, etc., Gravel Road Co.*, 33 Ind. 321; *The New Haven, etc., Turnpike Co.* v. *Bird*, 33 Ind. 325. Other cases have followed these.

The judgment is reversed, with costs, and the cause remanded, with instructions to the court to overrule the demurrer, and for further proceedings.

*O. J. Glessner*, for appellant.