# HOPKINS ET AL. *v.* THE GREENSBURG, KINGSTON, AND CLARKSBURG TURNPIKE COMPANY ET AL.

TURNPIKE.—*Assessment.—Injunction.*—Persons owning land that has been illegally assessed for the purpose of constructing a turnpike cannot enjoin the turnpike company from constructing the road on the ground that the assessment is void.

SAME.—*Estoppel.*—As a turnpike company has a right to construct her road, and to collect tolls thereon, without making any assessments, the owners of lands illegally assessed are not estopped from resisting the collection of illegal assessments, by standing by and seeing the road constructed, or by using it after it has been constructed.

SAME.—When illegal assessments are attempted to be enforced by collection, the persons assessed have a right to enjoin the same; and until that time, they are not called upon to take any action in the matter.

PLEADING.—*Abatement.*—Where an answer in abatement was filed, together with other answers in bar, and the cause was tried, and finding and judgment were rendered in bar, and not that the action abate;

*Held,* that it appeared affirmatively that the finding and judgment were not based upon the answer in abatement.

SAME.—*Turnpike Assessment.—Injunction.*—In a complaint to enjoin the col-

lection of an assessment for the construction of a turnpike, it is not necessary to set out a copy of the articles of association of the turnpike company, or of the assessments, or any of the proceedings that brought them into existence.

TURNPIKE.—*Assessment.*—An assessment for the construction of a turnpike is void, when the assessors do not view and examine all the lands within one and one-half miles of the road and of the termini thereof.

APPEAL from the Decatur Common Pleas.

WORDEN, J.—This was a complaint by the appellants against the appellees, the appellee Miller being the treasurer of the county, to restrain the collection of certain assessments against the appellants for purposes of the road.

The complaint alleges the organization of the company in April, 1867, for the purpose of constructing a turnpike road from Greensburg, by way of Kingston, to Clarksburg, in said county; the filing of a petition before the board of commissioners for the appointment of assessors of benefits; the appointment of such assessors; and the return to the auditor of their assessment on the 14th of October, 1867, assessing against each of the plaintiffs upon their respective tracts of land specified sums, stated therein; that said assessments are standing upon the tax duplicate of the treasurer for collection; and that the treasurer is about to proceed, by distress of property, to collect the same, and will do so unless restrained.

We copy that portion of the complaint relating to the illegality of the assessments: "Said plaintiffs aver that said taxes, so assessed as aforesaid, are illegal and void, for the reasons following; that is to say, that in making said assessment of benefits upon the lands subject thereto, said assessors did not examine, view, or assess all the lands within one and one-half miles of the line of said proposed road, nor did they assess any part of the lands and lots at the southern (or Greensburg) terminus of said road; that property of the value of four hundred thousand dollars, within one and one-half miles of said road and the termini thereof, are wholly omitted from said assessment. And plaintiffs further aver that the law under which said assessments were made, to

wit, the act of March 11th, 1867, of the laws of Indiana, has been, and was, on the 14th day of May, 1869, by the legislature of Indiana, repealed. And they aver that, by reason of the premises aforesaid, said taxes so assessed as aforesaid are illegal and void; and they pray," etc.

A demurrer was filed to the complaint for the want of facts, etc., but was overruled, and the defendants excepted.

The defendants answered:

First. By general denial.

Second. Pendency of a prior action between the same parties for the same cause; this was pleaded in abatement.

Third. A paragraph to which a demurrer was sustained, and upon which no question arises.

Fourth. As follows: "The defendants, further answering, say that they admit that said company was, at the commencement of this suit, about to proceed to collect the assessment mentioned in the complaint, for the reason that on the — day of ——, 1867, said company permanently located her road, as shown by the map on file, and on the — day of ——, 1868, said company filed before the board of commissioners of said county of Decatur, while in open session, a petition asking the appointment of assessors of benefits by the construction of said road; and that thereupon said board made the following order:" [Here a reference is made to another part of the record, showing the appointment of the assessors]; "and that thereupon said assessors filed with the auditor, the following report, including a map and profile of the road and territory liable to assessment, viz.:" [Here a reference is also made to another part of the record for the report, etc.]; "and said defendants further say that said assessments were put upon the duplicate, and passed to the treasurer of said county for collection; and that afterward the said company, relying upon said assessments, proceeded in the construction of said road, and afterward completed it so that now it is a public thoroughfare from Greensburg to Clarksburg, along and through the lands of said plaintiffs; and that said defendants expended forty

Hopkins *et al. v.* The Greensburg, Kingston, and Clarksburg Turnpike Co. *et al.*

thousand dollars in its construction, relying upon the faith of said assessments to reimburse them; that said plaintiffs use, and have been using, said road since its construction, and had full knowledge of the progress of said work, and never paid or offered to pay any part of the benefits resulting to said lands by the construction of said road. Wherefore said plaintiffs are estopped from setting up the defects set up in the complaint; and the defendants ask judgment."

A part of the fourth paragraph of the answer, as above set out, was stricken out on motion of the plaintiffs.

The plaintiffs then demurred to the paragraph for want of sufficient facts, but the demurrer was overruled, and they excepted. Replications were filed, not necessary to be noticed here, and issue joined.

The cause was tried by the court, who found for the defendants, generally, and refused the injunction prayed for, and rendered judgment accordingly.

The plaintiffs below appeal, and among other things, assign error upon the ruling below in overruling the demurrer to the fourth paragraph of the answer. We are of opinion that that paragraph was bad, and that the demurrer should have been sustained. There is nothing alleged in the paragraph that can estop the plaintiffs from setting up the defect in the assessments. They could not, if they would, have enjoined the company from the construction of her road on the ground that the assessments were void. The company had the right to construct her road without making or collecting any assessments. The plaintiffs, therefore, are guilty of no laches in not attempting such remedy. As the company had the right to construct and collect tolls on her road without making assessments, the plaintiffs cannot be estopped by standing by and seeing her do so, or by using the road. Assuming that the assessments were void, we see no, duty devolving upon the plaintiffs to institute proceedings at any time to have them adjudged so. Until it was attempted to collect them, the plaintiffs might quite as well have inferred that the company intended to build the

road without collecting such illegal assessments, as the company could have inferred that the plaintiffs intended to pay them without resistance. And when collections were attempted to be enforced, the plaintiffs had the right to enjoin the same. Until that time, they were not called upon to take any action in the matter. We have considered the paragraph as it stood before any part was stricken out, so that the appellees have the full benefit thereof. This makes it unnecessary to inquire whether any part was properly stricken out.

As the judgment was in bar, and not that the action abate, it appears affirmatively that the finding and judgment were not based upon the answer in abatement; and hence we cannot say that the error in overruling the demurrer to the fourth paragraph was harmless.

A cross error is assigned upon the ruling in overruling the demurrer to the complaint.

It is objected to the complaint that it does not set out the articles of association, or a copy of the assessments, or any of the proceedings which brought them into existence. These papers were unnecessary. They were not the foundation of the action. The foundation of the action was an attempt to collect, under color of authority, illegal and void assessments.

The assessments were void, for the reason that the assessors did not view and examine all the lands within one and one-half miles of the road, and within a like distance of each terminus thereof, in accordance with the statute. This point has been so often decided in this court, that reference to the decisions is unnecessary.

The judgment below is reversed, with costs, and the cause remanded, with instructions to proceed in accordance with this opinion, and each party has leave to amend pleadings.

*J. Gavin, J. D. Miller, J. S. Scobey,* and *O. B. Scobey,* for appellants.

*W. Cumback, S. A. Bonner, B. W. Wilson, C. Ewing,* and *J. K. Ewing,* for appellees.