## WILLIAMS *v.* THE GREENSBURGH AND COLUMBUS TURNPIKE COMPANY ET AL.

For the points decided in this case, see Hopkins v. The Greensburgh, etc. Turnpike Company, 40 Ind. 44; The Greensburgh, etc., Turnpike Company, v. Sidener, 40 Ind. 424; Manford v. The Pleasant Grove, etc., Turnpike Co., *post,* p. 293; and Pavy v. The Greensburgh, etc., Turnpike Company, *post,* p. 400.

APPEAL from the Decatur Common Pleas.

Osborn, C. J.—We have read the record in this case, and it is covered by *Hopkins* v. *The Greensburgh, etc., Turnpike Company,* 40 Ind. 44; *The Greensburgh, etc., Turnpike Company* v. *Sidener,* 40 Ind. 424; *Manford* v. *The Pleasant Grove, etc., Turnpike Company, post.* p. 293; *Pavy* v. *The Greensburgh, etc., Turnpike Company, post,* p. 400. The first two cases cited were thoroughly considered, and have been followed and adhered to. We think the question of estoppel should be considered as settled on that state of facts in such cases. The other cases settled the question of the power of the board of equalization in the appellate court to assess lands omitted by the assessors. We held that they had no such power. We still adhere to the rulings in those cases, and do not think any useful purpose can be accomplished by reconsidering them.

Counsel for the appellee desire us to distinguish this case from those. They seem to think that the averments in the answer in the case at bar are such as to estop the appellant from setting up and relying upon the facts alleged in his complaint. The answer relied upon alleges that certain things were done by each of the parties after the defective assessment was made and filed, and then avers, "that said plaintiff had full knowledge of said facts, stood by," etc. That is far from being an averment that he had knowledge of the omission to assess all the lands liable. "Said facts" referred to such as had been mentioned in the answer.

The failure to aver knowledge of the omission to include all the lands liable to be assessed, was the point upon which

the *Sidener* case turned. That was a much stronger case in favor of an estoppel than the one at bar.

The appellees have pleaded in bar of the appeal, that since the appeal, and since filing the transcript, the appellant attended an election for directors of the company, and voted the whole amount of the tax assessed against him.

The facts alleged cannot affect the errors of the court below. They do not release or waive them. What effect such acts will have upon the appellant's case, on the next trial, if properly pleaded, *puis darrein continuance,* is quite another thing. That question is not before us, and we intimate no opinion upon it either way.

The judgment of the said common pleas court is reversed, with costs, with instructions to sustain the demurrer to the first paragraph of the answer of said appellee, and for further proceedings in accordance with this opinion.

*J. S. Scobey* and *O. B. Scobey*, for appellant.

*J. Gavin* and *J. D. Miller*, for appellees.