PAVY ET AL. *v.* THE GREENSBURGH AND COLUMBUS TURNPIKE
CO. ET AL.

TURNPIKE.—*Assessments.—Injunction.—Estoppel.*—The facts that persons whose lands have been assessed, to aid in the construction of a turnpike, are stockholders in the turnpike company, and have paid a part of their assessments, and have stood by and seen the work of constructing the road proceed, will not estop them from resisting the payment of an illegal assessment.

SAME.—Nor will such persons be estopped, though one of them appeared before the board of equalization and presented his grievance, and the others failed to appear, though notified, and they have stood by and seen a part of the road built, the remainder of which cannot be constructed without the collection of the assessments.

SAME.—*Board of Equalization.*—The board of equalization has no power to assess lands to aid in the construction of a turnpike, where the assessors have omitted such lands.

APPEAL from the Decatur Common Pleas.

OSBORN, C. J.—This was an action by the appellants to enjoin the collection of an assessment for benefits under the acts for the construction of turnpike roads, etc. The complaint contains an allegation, that all the lands within one mile and a half of the road were not examined, viewed, or assessed by the assessors; that there was omitted from their list one thousand acres lying within that distance from the road.

The answer as filed was in five paragraphs, but the first, second, and third paragraphs were withdrawn, leaving only the fourth and fifth. The fourth is pleaded as an estoppel, alleging that the appellants were stockholders; that they had paid a part of the assessments; and that they had stood by and seen the work of constructing the road proceed without objections, etc.

We do not deem it necessary to discuss the questions in the answer, as they have been fully considered in the cases of *Hopkins* v. *The Greensburgh, Kingston, and Clarksburg Turnpike Company*, 40 Ind. 44, and *The Greensburgh, Milford, and Hope Turnpike Company* v. *Sidener*, 40 Ind. 424.

In the fifth paragraph of the answer, it is alleged that one

of the appellants applied to the board of equalization and presented his grievance before the board ; that all of the others failed and refused to do so after notice of the time and place of their meeting ; that the company afterward, believing that all the lands liable had been listed and assessed, proceeded to build one end of the road ; that the remainder of it could not be built unless the assessments could be collected; and that the appellants had stood by and allowed them to build the road without objection, and says that the appellants are estopped from setting up the matter in the complaint. Demurrers were overruled to both paragraphs. Proper exceptions were taken and errors assigned.

What we have said about the fourth is applicable to the fifth paragraph. The allegations about the board of equalization cannot affect the case. That board had no power to assess any lands omitted by the assessors. They could only equalize those assessed.

The complaint was good, and the demurrer to it was correctly overruled.

The judgment of the Decatur Common Pleas Court is reversed, with costs. Cause remanded, with instructions to the court below to sustain the demurrers to the fourth and fifth paragraphs of the answer, and for further proceedings, etc.

*J. S. Scobey* and *O. B. Scobey,* for appellants.

*C. Ewing, J. K. Ewing, J. Gavin,* and *J. D. Miller,* for appellees.