THE MUNCIE AND NEW BURLINGTON TURNPIKE CO. *v.* KEESLING ET AL.

TURNPIKE.—*Failure to List Lands.—Injunction.*—An injunction will lie to prevent the collection of an assessment against the land of the plaintiff, to aid in the construction of a turnpike, under the act of 1867, if the assessors have failed to list any lands within the limits prescribed by the statute, although the lands not listed will not be benefited and nothing can be assessed against them.

From the Delaware Circuit Court.

*W. March* and *W. Brotherton*, for appellant.

*J. S. Buckles* and *J. W. Ryan*, for appellees.

DOWNEY, J.—Action by the appellees against the appellant, to enjoin the collection of certain assessments against the lands of the plaintiffs, for the construction of the road of the defendant, under the act of 1867 on that subject. Several objections to the regularity of the assessments are stated in the complaint, and among them, that the assessors did not list all the lands within the prescribed limits, but omitted " all the out-lots and blocks, squares, lots, and other subdivisions embraced within the corporate limits of the city of Muncie."

A demurrer to the complaint was filed by the company and overruled by the court, and this is the first alleged error.

The Muncie, etc., Turnpike Co. *v.* Keesling *et al.*

There was no error in this. *Turner* v. *The Thorntown, etc., Co.,* 33 Ind. 317; *The New Haven, etc., Co.* v. *Bird,* 33 Ind. 325. Other cases have followed these.

Six paragraphs of answer were filed. To the third, fourth, fifth, and sixth paragraphs the plaintiffs demurred, and their demurrers were sustained. So far as these paragraphs set up matters in estoppel, they cannot be sustained under former rulings of this court. We refer to *Hopkins* v. *The Greensburg, etc., Co.,* 40 Ind. 44; *The Greensburgh, etc., Co.* v. *Sidener,* 40 Ind. 424; *Williams* v. *The Greensburgh, etc., Co.,* 42 Ind. 171; *Manford* v. *The Pleasant Grove, etc., Co.,* 42 Ind. 293; *Pavy* v. *The Greensburgh, etc., Co.,* 42 Ind. 400; *Hendricks* v. *The Indianapolis, etc., Co.,* 42 Ind. 562.

So far as the answers rely on the fact that the omitted lands were not benefited, they are bad, for the reason stated in *Turner* v. *The Thorntown, etc., Co., supra,* and *The New Haven, etc., Co.* v. *Bird, supra.* The lands within the prescribed bounds must be listed, whether anything is assessed against them or not.

As to the fifth paragraph of the answer, it seems to have been pleaded to bar a recovery of the two-thirds of the assessments which had already been paid. As no judgment was asked or obtained for such recovery, it seems unnecessary to decide anything with reference to that paragraph.

A question is made as to the taxation of costs, but no action was asked or had on that subject in the circuit court. We cannot decide it until it has been acted on in the circuit court.

The judgment is affirmed, with costs.