PARSONS ET AL. *v.* THE PENDLETON AND FISHERSBURG TURN-
PIKE COMPANY.

TURNPIKE.—*Note Given for Illegal Assessment.*—Where an assessment of ben-
efits against land for the construction of a turnpike was void, because it
did not include all the lands within one mile and a half of the line and
termini of the road, and the owner of land so assessed, without knowl-
edge of the illegality of the assessment, executed his promissory note to
the turnpike company, for an unpaid balance of the assessment against
his land, such illegality in the assessment constitutes a good defence to
an action by said company on said note.

From the Madison Circuit Court.

*H. D. Thompson,* for appellants.

*H. Craven* and *C. L. Henry,* for appellee.

NIBLACK, J.—The appellee, The Pendleton and Fishers-
burg Turnpike Company, sued the appellants, George H.
Parsons and Hervey Craven, on a promissory note, bear-
ing date the 24th day of January, A. D. 1870, due ninety
days after date, for two hundred and thirty-six dollars and
forty cents.

The defendants below answered in six paragraphs.

1. That the note was given without any consideration
whatever.

2. Setting up a set-off in favor of the defendant Par-
sons, who was alleged to be the principal in the note.

The third, fourth and sixth paragraphs alleged, each in a
somewhat different form, that the note in suit was given for
the balance of an assessment against the land of the said
Parsons, who was the principal obligor, and that the as-
sessment was void, because all the lands within one mile
and a half of the line and termini of the plaintiff's road
were not likewise assessed.

The fifth paragraph also set up a set-off in favor of
Parsons.

Demurrers were sustained to the third, fourth and sixth
paragraphs, and issues were joined on the first, second and
fifth.

· The cause being submitted to the court for trial, there was a finding for the plaintiff, and, over a motion for a new trial, judgment was rendered against the defendants.

On the trial, Parsons, on behalf of himself and his co-defendant, testified as follows:

"I live within one-half mile of the turnpike or gravel road of said plaintiff. My land extends nearer than that to the road. I was notified by the plaintiff of the time of a meeting of the directors of the company to settle, by cash or note, with the persons whose lands were assessed. I attended the meeting, and supposed I had to settle the assessments on my lands in some way, to save them from being sold on the assessment. I gave the note in suit for the amount of the assessment on my lands that then remained unpaid, which amount was the sum stated in the note. * * * Since the execution of the note, I have done work for the plaintiff on her road, in the sum and amount of ninety dollars, which was done by the 20th day of November, 1870, and that, at the time of the execution of the note in suit, the defendants had no knowledge that the assessment did not include all the lands within one and one-half miles of the line of said turnpike road in said county;" meaning the county of Madison.

The defendants then offered to prove by said witness, that the said assessment, for a part of which the note was given, and the schedule of the same, did not include the west half of the south-west quarter of section nine, nor the east half of the north-east quarter of section seventeen, both in township eighteen north, in range seven east, in said county of Madison, which lies and is situate within one mile of the line of said turnpike road, and that said assessment and schedule did not include divers other tracts of land situate in said county, and within one and one-half miles of the line and route of said road and the termini of the same, amounting to twelve hundred acres. Which offer was objected to by the plaintiff, and the court

refused to permit the defendants to make such proof, or any part thereof, to which ruling of the court the defendants excepted.

The defendants thereupon offered to prove by competent evidence, that the said assessment and the schedule thereof did not include twelve hundred acres of land, all of which was situate within said county, and within one and one-half miles of the line and route of said turnpike road, which offer was also objected to by the plaintiff, and the court refused to permit such evidence to be introduced, to which ruling of the court the defendants also excepted.

We think the evidence offered and excluded as above ought to have been admitted. It would have tended to have shown, that the note sued on was given without any sufficient consideration.

It has frequently been decided by this court, that the assessment of benefits against lands for the construction of turnpike, gravel or plank roads, must include all the lands within the territorial limits of the road, that is, within one mile and a half of the line and the termini of the road, or else it will be void. *Tompkins* v. *The G., K. & C. T. Co.*, 40 Ind. 44; *Scott* v. *The M. A. & M. T. Co.*, 39 Ind. 271; *Turner* v. *The J. & M. G. R. Co.*, 33 Ind. 317; *Hardwick* v. *The D. & N. S. G. R. Co.*, 33 Ind. 321; *The N. H. & Ft. W. T. Co.* v. *Bird*, 33 Ind. 325.

When such an assessment is illegally made, part payment of it will not estop the owner of the land from resisting the payment of the residue of such illegal assessment. *Pavy* v. *The G. & C. T. Co.*, 42 Ind. 400. Also when the owner of land illegally assessed executes his note in payment of such illegal assessment, without knowledge, at the time of making the note, of the illegality of the assessment, he is not estopped from resisting the payment of the note. *Maddy* v. *The Sulphur Springs, etc., Turnpike Co.*, 58 Ind. 148.

The court erred in rejecting the proposed evidence.

The judgment is reversed, at the costs of the appellee, and the cause remanded for a new trial, and for further proceedings in accordance with this opinion.